By the Court.—Monell, J.
In the Cohen case it was alleged that the non-intercourse between 'the South and the North during the war of the rebellion had prevented the payment of the premiums, and by reason of such non-payment the company had declared the policy lapsed and forfeited ; and the relief demanded was, that the policy might be declared valid.
The defendants demurred, alleging a want'of jurisdic-' tion in the court of the subject of the action, and also an insufficient statement of facts to constitute a cause of action.
The demurrer was sustained by the Special and General Terms of this court.
I have looked at the opinion of the Court of Appeals in that case, and find that it fully covers the only ground upon which the decision in this case was put, and must, therefore, be regarded as stare decisis, unless this case can be distinguished by reason of its being against a stock company. In the Cohen case the cor-, poration was mutual, and it is now urged that the right to equitable relief granted in that case proceeded upon the principle that all policy holders in a mutual company were quasi partners in the company, having a joint interest, and thus entitling them at any time to be restored to all their rights as such partners. But the Court of Appeals, in effect, disposed of that question, or sufficiently so to make it proper for -us to hold, that there is no such distinction. Judge Allen, who delivered the opinion of the court, discussed the question of partnership, and rejected it, as applied to a mutual company. Besides, the general ground of the decision is not affected by any such question. That ground is, that it is competent for the court to restore a policy at- *214 any time, and "before any liability had been incurred upon it. In that view, it is of no importance what is the nature of the corporation, whether stock or mutual.
So much, therefore, of the judgment as requires and provides for a restoration of the policy must, at least, be affirmed.
Any other questions raised by the appellant are, however, open for examination. Among such'questions not found necessary to^be decided by the late G-eneral Term, was, the appellant’s objection to so much of the judgment as gave to the plaintiff the option to require the defendant to issue to her a full paid-up policy.
The complaint in the action demanded the alternative relief—to restore the policy in all its provisions, or “ that the defendants be compelled to issue to the plaintiff an equitable, paid-up policy, for an amount equal to the true value of the policy, etc.,” and the judgment was, that the policy is, and should be, “in life and in full force and effect, and binding in- all its terms and conditions upon the defendants, etc. ; ” or, if the plaintiff shall so elect, “ the defendants shall deliver to the plaintiff an equitable, full paid up policy, etc.”
The policy contains an agreement by the company, that after payment of any of the premiums the company will give to the assured an equitable, paid-up policy for an amount equal to its true value, etc.
It is not necessary, I think, to inquire what obligation is imposed by the agreement alluded to. It is very probable that when the policy is restored and the plaintiff has regained all her rights under it, that slie will be entitled to enforce the agreement, and to require, if she has complied with the proviso, to have issued to her, a paid-up policy. But I am inclined to think that all she had the right to demand in the action, or the court the right to grant to her, was, that the policy should be restored to vitality. Such restoration would necessarily revive the agreement to issue a paid-up policy, and place *215 the plaintiff in a condition to enforce it at the proper time. But I do not think it was appropriate relief in t.liis action, and should not have "been granted. Indeed, I do not see how the questions which are involved in such relief could well be litigated in this action. The proviso in the agreement is, that “ the last payment of premiums due shall not have remained unpaid for more than thirty days.” As the premiums were confessedly all unpaid, and their payment was required "by the judgment to "be made as a condition of restoring the policy, it would seem to me that the proviso was in effect set aside, and the defendants precluded from having a fair litigation over it.
I am in favor, therefore, of reversing so much of the judgment as provides for the issuing of a paid-up policy.
We think the remainder of the judgment sufficient in substance to give the plaintiff all the relief she is entitled to and also to protect the defendants. It requires the payment of all premiums which become due to and including April 27, 1870, with interest, and thereafter a performance by the plaintiff of all the terms and conditions of the policy. A compliance therewith will require payment of all subsequently accrued premiums, with interest.
The effect of this decision is to reverse in part the judgment appealed. We might send it back for another trial. But we prefer to end the litigation in this court by modifying and affirming. The costs are in the discretion of the court, and we cannot disturb the part of the judgment which awards general costs. But the appeal is also from the extra allowance, and it appears that it was granted without notice or motion or papers. Under the authority of Gori v. Smith (6 Robt. 568), and People v. N. Y. Central R. R. Co. (30 How. Pr. R. 149), the order is reviewable, and we think it should be reversed.
*216 With the modifications mentioned, the judgment should be affirmed, but without costs to either party.
Barbour, Ch. J., and Van Vorst, J., concurred.